8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew John WALKER, Plaintiff-Appellant,
v.
George W. SUMNER; John V. Ignacio; Lt. Mile E. Long; Sgt.
P.C. Johnstone; H.L. Whitley, Defendants-Appellees.
 No. 92-15297.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1992.*
Decided Oct. 6, 1993.
 
 1
 Before: HUG and LEAVY, Circuit Judges, and REAL,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 In 1986, Andrew John Walker filed a complaint pursuant to 42 U.S.C. § 1983 (1982), alleging that his constitutional rights were violated when state prison guards forced him to submit to a blood test for AIDs by threatening to shoot him with a taser gun. Walker moved for summary judgment in 1991 after we reversed and remanded the district court's earlier grant of summary judgment in favor of the appellees. Walker v. Sumner, 917 F.2d 382 (9th Cir.1990). Our decision to reverse was based on the fact that the state prison officials failed to show a legitimate governmental interest to justify a mandatory AIDS test, which required taking blood from all prisoners. Id. at 385-88. We declined to decide whether the threatened use of the taser gun to withdraw Walker's blood was unconstitutional since there was no proof of a legitimate governmental interest. Id. at 388 n. 4.
 
 
 4
 Upon remand, the district court found that the government had a legitimate interest in mandatory AIDs testing and granted the appellees' motion for summary judgment. Walker appeals.
 
 
 5
 For the reasons stated in the district court's Memorandum Decision and Order filed February 4, 1992, we agree that the defendants have established that the blood test was reasonably related to a legitimate governmental objective. Moreover, we conclude that given the compelling need to prevent the spread of the AIDs virus, the threatened use of the taser gun did not violate Walker's constitutional rights. See Michenfelder v. Sumner, 860 F.2d 328, 334-336 (9th Cir.1988) (threatened use of a taser to enforce compliance with a search had a reasonable security purpose and was not unconstitutional).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Manuel L. Real, Chief United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3